UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

RENETTE HEREFORD

    Plaintiff,

v.                                                  Case No. 18-cv-1049

CATHOLIC CHARITIES, INC., DIOCESE OF MADISON

    Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Renette Hereford, (hereinafter, "Hereford" or "Plaintiff"), by and through her attorneys, Canfield & Lutz, LLC, and as and for her cause of action against the Defendant, Catholic Charities, Inc., Diocese of Madison, (hereinafter, "Catholic Charities" or "Defendant"), alleges and shows to the Court as follows:

### NATURE OF ACTION

1. This action arises under 28 U.S.C. §§ 2201 and 2202, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. §§ 1981, 1981a, and 1982, to correct unlawful employment practices on the basis of race (black), race based discrimination in the contractual relationship, as well as to provide appropriate relief to Renette Hereford who was adversely affected by such practices.

2. Defendant subjected Plaintiff to less favorable terms and conditions of employment, unwanted hostile and abusive employment conditions, and terminated her employment because of her race (black) with reckless indifference to her federally protected rights. Defendant prevented Plaintiff from enjoying the property rights, as are enjoyed by white

citizens and further denied her the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, as are enjoyed by white citizens.

## PARTIES

3. The Plaintiff, Renette Hereford, is an adult female resident of the State of Wisconsin, who currently resides at 2230 Alongi Lane, Beloit, Wisconsin 53511. At all times relevant to this complaint, the Plaintiff was employed by Defendant.

4. At all relevant times, the Defendant, Catholic Charities of Wisconsin, Inc. has continuously been a business with its principal offices located at 702 S High Point Road, Madison, WI 53744, doing business in Wisconsin and had continuously and does now have at least 15 employees.

5. At all relevant times, the Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and sections 101 and 102 of the Civil Rights Act of 1991, 42 U.S.C. §§1981, 1981a and 1982.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

8. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Wisconsin.

**FACTUAL ALLEGATIONS**

9. In 2010 Plaintiff applied for the position of Skills Trainer with Defendant's Community Connections program in Rock County but was denied employment. After Plaintiff was eventually hired, she was told by co-workers Dee Barker and David Abb that she was not originally offered the position due to her skin color.

10. In approximately August 2011 Plaintiff once again sought employment with Defendant and interviewed for the position of Skills Trainer with Defendant's Community Connections program in Rock County. The interview was conducted by a panel of three white supervisors; Joshua Easton, Debbie Gegare, and Dionne (last name unknown). During the interview Easton stated "we don't discriminate."

11. Plaintiff began working for Defendant as a Skills Trainer with Defendant's Community Connections program on or about October 26, 2011. Plaintiff was only one of two black employees at the location.

12. In 2012 Barker, Amy Tiffany, and Gegare (Plaintiff's supervisor) told the Plaintiff that they were not happy that Easton hired a black person.

13. On three or four occasions from 2011 to 2012 when Barker, Abb, and Gegare would go out for lunch, they returned and informed Plaintiff they found nails in her car tires. This only occurred when Barker, Abb, and Gegare went out for lunch together. It was only when Plaintiff started parking in front of the security cameras, that this stopped happening.

14. Plaintiff reported the harassment to Easton and Tiffany after the incidents occurred. To Plaintiff's knowledge, nothing was ever done by Defendant and the harassment continued.

15. On the Monday after the Trayvon Martin incident made national news (Sunday, February 26, 2012), Plaintiff walked into work to find Dee Martin and Abb wearing hooded sweatshirts

and beat boxing, in order to mock black culture. Martin and Abb also made comments about how they do not like black people.

16. Plaintiff reported the harassment to Easton and Tiffany after the incident occurred. To Plaintiff's knowledge, nothing was ever done by Defendant and the harassment continued.

17. On January 18, 2013 Plaintiff was accosted and threatened by Abb. Abb was irate and yelled at Plaintiff in a condescending manner. Abb aggressively charged Plaintiff, pointing his finger at her and then making a fist while coming towards her. Plaintiff told Abb "Don't charge me" and Abb responded "I will."  At that point a co-worker told Abb to leave.

18. Plaintiff reported the harassment to Easton and Tiffany after the incident occurred. To Plaintiff's knowledge, nothing was ever done by Defendant and the harassment continued.

19. On March 7, 2017 Defendant, using fabricated reports of a violation of their company policy as a pretext, terminated Plaintiff based on her race in violation of Title VII of the Civil Rights Act of 1964.

20. On or about December 13, 2017 Plaintiff filed a charge of discrimination with the EEOC against the Defendant alleging that she was discriminated against on the basis of her race (black).

21. On September 17, 2018 the EEOC issued a Right to Sue Letter.

## STATEMENT OF CLAIMS

As claims against the Defendant, Plaintiff alleges the following:

## COUNT I
## TITLE VII DISCRIMINATION BASED ON RACE

22. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 21 above, inclusive, with the same force and effect as though fully set forth and repeated within.

23. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, which prohibits discrimination by covered employers on the basis of race, color, religion, or national origin.

24. More than 30 days prior to the institution of this lawsuit, Plaintiff filed a charge with the EEOC alleging violations of Title VII by Defendant. All conditions, precedent to the institution of this lawsuit, have been fulfilled.

25. During Plaintiff's employment with Defendant, Defendant engaged in unlawful employment practices in violation Title VII, 42 U.S.C. § 2000(e) *et seq*. Such practices include, but are not limited to:

    a. Subjecting Plaintiff to different terms and conditions of employment, levels of scrutiny, and discipline because of her race (black), than similarly situated non-black employees.

    b. Subjecting Plaintiff to harassment as well as unwanted, hostile, and abusive employment conditions because of her race (black).

    c. Terminating Plaintiff's employment because of her race (black) in reckless indifference to her federally protected rights.

26. The unlawful actions taken by Defendant as alleged herein, were taken in malicious, willful, wanton and reckless disregard of Plaintiff's rights as guaranteed by Title VII.

27. As a direct, foreseeable, and proximate result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of humiliation, pain, suffering, emotional distress, attorney fees and costs, loss of employment, loss of wages, future vocational loss, loss of promotional opportunities, and other employment benefits. These damages and injuries continue into the present and will continue into the foreseeable future.

## COUNT II
## 42 U.S.C. § 1981 RACE BASED DISCRIMINATION

28. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 27 above, inclusive, with the same force and effect as though fully set forth and repeated within.

29. Defendant, using Plaintiff's race (black) as a motivating factor, subjected her to unwanted, hostile, and abusive employment conditions and adverse employment actions, in violation of Section 101 of the Civil Rights Act of 1991, 42 U.S.C. 1981.

30. As a direct, foreseeable, and proximate result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of humiliation, pain, suffering, emotional distress, attorney fees and costs, loss of employment, loss of wages, future vocational loss, loss of promotional opportunities, and other employment benefits. These damages and injuries continue into the present and will continue into the foreseeable future.

## COUNT III
## DECLARATORY JUDGMENT

31. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 30 above, inclusive, with the same force and effect as though fully set forth and repeated within.

32. The allegations contained in Plaintiff's Complaint present an actual controversy between the parties in the meaning of 28 U.S.C. Section 2201.

33. Plaintiff does not have plain and adequate remedies at law for her injuries as alleged in this Complaint or to prevent future injuries of a similar nature by the same or other similarly situated Defendant, and, therefore, she invokes the Court's jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 to award declaratory relief.

34. During Plaintiff's employment with Defendant, Defendant engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000(e) *et seq*. Such practices include, but are not limited to:

    a. Subjecting Plaintiff to different terms and conditions of employment, levels of scrutiny, and discipline because of her race (black).
    b. Subjecting Plaintiff to unwanted, hostile, and abusive employment conditions because of her race (black).
    c. Terminating Plaintiff's employment because of her race (black).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare and adjudge pursuant to 28 U.S.C. § 2201 and § 706, and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-5, that by way of the adverse employment actions complained of herein, Defendant deprived Plaintiff of her right to be free from race based discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*;

B. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay, compensatory damages, punitive damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

C. Grant to Plaintiff her attorney fees, costs and disbursements as provided by 42 U.S.C. § 12205 and all other applicable statutes and provisions;

D. Grant to Plaintiff whatever other relief this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this complaint.

Dated at Milwaukee, Wisconsin on this the 17th Day of December, 2018.

<u>/s/ Jason Canfield</u>
State Bar No. 1083007
Canfield & Lutz, LLC
Attorney for the Plaintiff
6944 N Port Washington Rd., Suite 206
Milwaukee, WI 53217
Ph. 414.935.2810
Fax. 414.935.2821
Jason.Canfield@CanfieldandLutz.com
